IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BENNY A. SERNA and MARY SERNA,

      Plaintiffs,

v.                                                                                   No. Civ. 10-1172 LH/ACT

WAL-MART STORES, INC., an Arkansas
Corporation and CLAIMS MANAGEMENT, INC.,
an Arkansas Corporation,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Wal-Mart Stores, East L.P. ("Wal-Mart"). Plaintiffs filed their Complaint on October 20, 2010, in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico. Thereafter, on December 9, 2010, Wal-Mart filed its Notice of Removal with this Court. Having reviewed the Complaint and Notice of Removal, the Court concludes that the allegations are insufficient to establish diversity jurisdiction and that the case should therefore be remanded to the Thirteenth Judicial District Court.

      Wal-Mart alleges that Plaintiffs are citizens of New Mexico, that Wal-Mart is a corporation organized under the laws of Delaware with its primary place of business in Arkansas, that Claims Management, Inc. is a citizen of Arkansas for the purpose of determining diversity, that the amount in controversy exceeds $75,000, and that jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (Doc. 1, at 3.)

      The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of

the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)).  The court has a duty to determine the matter *sua sponte*.  *Id.* A court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).  Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction.  *Id.*  The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. § 1332(a).  When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

The federal statute providing for the removal of cases from state to federal court, however, was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Indeed, the Tenth Circuit has cautioned district courts that they "must rigorously enforce Congress' intent to restrict  federal jurisdiction." *Miera v. Dairyland Insur. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

The amount in controversy is generally determined by the allegations of the complaint, or if they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When the amount in controversy is not apparent on the face of the complaint, a federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation). "It would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation). Courts may therefore consider "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* at 1306.

The burden is on the party requesting removal to set forth in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Laughlin*, 50 F.3d at 873. Once again, there is a presumption against removal jurisdiction, and uncertainties as to jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). When the plaintiff's damages are unspecified in the complaint, the defendant must affirmatively establish the jurisdictional amount by at least a preponderance of the evidence. *See id.* Punitive damages and attorney's fees may be considered in determining

the amount in controversy.  *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).  Costs and interest, however, are excluded.  *See* 28 U.S.C. § 1332(a).

In this case, Plaintiffs have alleged state claims for negligence and unfair insurance practices.  They assert that, on November 4, 2007, they were shopping as business invitees at the Wal-Mart retail store in Los Lunas, New Mexico, when Plaintiff Benny A. Serna's foot became entangled in a merchandise display causing him to slip and fall on the floor.  (Doc. 1, Ex. 1, at ¶ 5.)  According to Plaintiffs, Mr. Serna's "left foot became entangled in the display causing him to lose his balance and fall, twisting his ankle as he fell."  *(Id.)*  In their Complaint, Plaintiffs seeks damages for Mr. Serna's bodily injury, past, present, and future pain and suffering, lost wages, future loss of earning capacity, past and future medical expenses, loss of ability to perform normal and usual activities, loss of consortium, and punitive damages.  (*Id.* at ¶¶ 9-14, 24.)  They do not, however, allege in their Complaint a specific amount of damages, nor do they provide any details as to the extent of injuries sustained by Mr. Serna when he twisted his ankle, the amount of his medical expenses, or his earning capacity.  It is therefore not clear from the face of the Complaint that the amount in controversy exceeds $75,000.  As a result, the Court must turn to the Notice of Removal.

In the notice, Wal-Mart provides little additional detail as to Mr. Serna's injuries or to his other alleged damages.  Rather, it suggests that because Plaintiff seek damages for lost wages, loss of future income, and loss of consortium, "the Court can reasonably conclude that the Plaintiffs' verdict could easily exceed $75,000.00."  (Doc. 1, at 3-4.)  Yet Wal-Mart provides the Court with no factual predicate beyond these vague and conclusory assertions.   For instance, Defendant provides no information as to any settlement demands by Plaintiffs, no information

related to its understanding of the extent of Mr. Serna's injuries, and no economic analysis of the non-medical-expense damages alleged.  Indeed, not a single figure is provided to the Court to help it assess the amount in controversy.

Consequently, Wal-Mart has failed "to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quoting *Gause v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).  A removing defendant must set forth not only his good faith belief as to the amount in controversy but also the facts underlying that belief.  *See id.*  Wal-Mart's assertions do not establish by a preponderance of the evidence that the jurisdictional amount is met.  Likewise, absent information as to the severity of Plaintiffs' injuries, the Court is unable to make any reasonable inferences that the injuries give rise to a claim in excess of $75,000.  Simply put, the Court is not satisfied, based on the record before it, that Plaintiffs' damages give rise to a claim in excess of $75,000.

Because Wal-Mart's removal appears to be based on speculation as to the amount of damages, rather than underlying facts of the minimum jurisdictional amount proven by a preponderance of the evidence, and given that uncertainties as to jurisdiction are resolved in favor of remand, the Court determines that this case should be remanded for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Thirteenth Judicial District Court for the State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE